IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 4:03-cr-00030-SPM-AK

JERMAINE K. CREWS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 62, Motion to Vacate under 28 U.S.C. § 2255, by Jermaine K. Crews. The Government has filed a response, Doc. 66, and Defendant has filed a reply. Doc. 67. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

## BACKGROUND

Defendant was indicted for seven counts of distribution of more than 5 grams of crack cocaine. Doc. 1. The Court appointed Randolph Murrell to represent him. On October 14, 2003, Defendant pled guilty to Counts Four and Six. Docs. 16-19. In response to the Presentence Report, Murrell filed a motion for downward departure and a motion to strike Guideline penalties and statutory mandatory minimum penalty. Docs. 24 & 25. Murrell then moved for appointment of new counsel after he and Defendant disagreed regarding sentencing strategy and whether to pursue the motion for downward departure. Doc. 27; *see also* Doc. 28. The Court granted the motion for appointment of new counsel, Doc. 29, and William Bubsey entered an appearance on Defendant's behalf. He then filed a motion for downward departure, identical to the one which Murrell had filed and attempted to withdraw. Doc. 32.

On February 17, 2004, Defendant and counsel appeared for sentencing, and Bubsey withdrew all pending motions. Doc. 50 at 2 & 8. The Court thereafter sentenced Defendant to 121 months on each count, to run concurrently. Doc. 41. Defendant appealed, and Bubsey submitted an *Anders* brief and moved to withdraw from further representation. Doc. 61. The Eleventh Circuit allowed Bubsey to withdraw and affirmed Defendant's convictions and sentences on September 24, 2004. *Id*.

The instant motion to vacate ensued. On this occasion, Defendant claims that both counsel rendered ineffective assistance by failing to object to certain matters in the PSR and to preserve *Apprendi/Blakely/Booker* error for appeal and that appellate counsel was ineffective for failing to raise those issues on appeal.

## DISCUSSION

Because Defendant's claims involve ineffective assistance of counsel, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v.*

*White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*. Quite importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

1.   Failure to object to two-point addition to criminal history calculation.

The probation officer added two points to Defendant's criminal history calculation because he was on probation for a suspended license conviction at the time the instant offenses were committed. PSR at 7. *See* U.S. Sentencing Guidelines Manual § 4A1.1(d) (2002). According to Defendant, his plea in the underlying state court case was not knowing and voluntary, and he was not on probation at the time of the instant offenses. In his view, counsel were ineffective for failing to object to or investigate the underlying conviction on these bases.

Defendant was not prejudiced by counsel's failure to object to the criminal history calculation. Even if ¶¶ 27 and 29 of the PSR are excised in their entirety, Defendant's criminal

history points would have totaled five, as he was on probation at the time of the instant offenses for burglary of an occupied dwelling with assault, *see* PRS at ¶ 25, and a two-point additional assessment on that basis could have been made. With five criminal history points, his Criminal History Category would still have been III. *See* U.S.S.G. Manual at Ch. 5, Pt. A.

    2.    Failure to object to Base Offense Level 32.

The probation officer calculated Defendant's base offense level at 32 based on the amount of crack bought from Defendant by a confidential informant during seven controlled buys, 143.9 grams. PSR at ¶ 14; *see also* U.S.S.G. Manual at § 2D1.1(c)(4). The instant claim of ineffectiveness appears to be based on Defendant's claim that counsel were ineffective for failing to object to the two-point criminal history assessment for being on probation at the time of the instant offenses. Defendant is confused. The two-point probation assessment had nothing to do with the Level 32 base offense calculation, which was based solely and entirely on the amount of crack attributed to Defendant, amounts which Defendant does not challenge even now. This claim is without merit.

    3. Failure to raise *Apprendi/Blakely/Booker*.

At the time of sentencing, *Apprendi* controlled and had been interpreted by this circuit as having no applicability to the Sentencing Guidelines. *United States v. Sanchez*, 269 F.3d 1250, 1262 (11th Cir. 2001). Thus, counsel were not ineffective for failing to raise an *Apprendi* challenge. Furthermore, *Blakely* was not decided until after Defendant's sentencing, and even then, the Eleventh Circuit found it inapplicable to the Sentencing Guidelines and specifically directed district courts to "continue to sentence pursuant to the Guidelines until such time as the Supreme Court rules on this issue." *United States v. Reese*, 382 F.3d 1308, 1312, 1312 n.2 (11th

Cir. 2004).  Defendant admitted to distributing 143.9 grams of crack, Doc. 16 at 1, and agreed that the Court would "make the final determination of facts as to any sentencing issue." Doc. 17 at 4.  There were therefore no *Apprendi/Blakely* issues to raise either with this Court or on appeal, and thus, counsel did not act deficiently in failing to pursue frivolous matters.  *Booker* was not decided until months after the conclusion of Defendant's appeal and is not retroactively applicable to cases on collateral review.  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 62, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  *28th*  day of August, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**